# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

TERRY D. FREEMAN,

                                Plaintiff,

-vs-

COMMISSIONER OF SOCIAL SECURITY,

                                Defendant.

DECISION AND ORDER

18-CV-6141 CJS

---

## INTRODUCTION

**Siragusa, J.** This Title II and Title XVI Social Security appeal is before the Court to review the second final decision by the Commissioner. For the reasons stated below, this matter must be remanded for a rehearing.

## PROCEDURAL BACKGROUND

Presently before the Court are cross-motions for judgment on the pleadings by the parties. Plaintiff filed for benefits on July 9, 2014, alleging that his disability began on November 12, 2013. He claims he suffers from a neck injury and left ankle injury. R. 235. The Social Security Administration denied his claim, and he appeared via video conference for a hearing before an Administrative Law Judge ("ALJ") who was in Virginia.

The ALJ issued a decision on August 31, 2016, finding Plaintiff had the following severe impairments: "unspecified depressive disorder with anxiety, left ankle arthritis, left knee arthritis, bilateral carpal tunnel syndrome, status post meniscus repair right knee, degenerative disc changes…." R. 22. Nevertheless, the ALJ determined that Plaintiff was able to perform light work with some limitations. Plaintiff appealed to the Social Security Administration's Appeals

Counsel and that body denied his request for review on December 18, 2017, making the ALJ's decision the Commissioner's final decision. Plaintiff filed this lawsuit on February 14, 2018.

## STANDARD OF REVIEW

Title 42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). It directs that when considering a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Metro. Stevedore Co. v. Rambo*, 521 U.S. 121, 149 (1997).

To determine whether substantial evidence supports the Commissioner's findings, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curium)). Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record, and whether the Commissioner's conclusions are based upon an erroneous legal standard. *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003); *see also Mongeur*, 722 F.2d at 1038 (finding a reviewing court does not try a benefits case *de novo*).

## ANALYSIS

Plaintiff raises five issues for the Court's review. The first is that the ALJ failed to properly evaluate the opinion of treating physician Svetlana Trounina, M.D. In that regard, the ALJ discounted Dr. Trounina's medical source statement dated July 14, 2016, with the following explanation:

> The undersigned gives little weight to both the opinions by M. Whitbeck, M.D., and Svetlana Trounina, M.D. Ex. l0F, 21F. Dr. Whitbeck's remarks were about temporary restrictions, and Dr. Trounina's checklist form that stated the claimant was limited beginning August 15, 2016, and Dr. Trounina left blank the section for frequency and length of contact. As the courts have long recognized, form reports, in which a source's only obligation is to fill in a blank or check off a box, are entitled to little weight in the adjudicative process. *See, e.g.*, *Mason v. Shalala*, 994 F.2d 1058, 1065 (3d Cir. 1993) (terming form reports "weak evidence at best"); *Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (holding that the ALJ "permissibly rejected" three psychological evaluations "because they were check-off reports that did not contain any explanation of the bases of their conclusions"); *O'Leary v. Schweiker*, 710 F.2d 1334, 1341 (8th Cir. 1983) ("[W]hile these fomrs are admissible, they are entitled to little weight and do not constitute 'substantial evidence' on the record as a whole").

R. 27. That paragraph contains the ALJ's entire analysis of treating physician Dr. Trounina's opinion.

With certain exceptions, the Commissioner's rules require that a treating physician's opinion be given controlling weight. The Commissioner promises that "[w]e will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion." 20 C.F.R. § 404.1527(c)(2) (Lexis Advance through the June 5, 2019 issue of the Federal Register. Title 3 is current through June 7, 2019). The Second Circuit has further stated that:

> To override the opinion of the treating physician, we have held that the ALJ must explicitly consider, inter alia: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and, (4) whether the physician is a specialist.... After considering the above factors, the ALJ must

> comprehensively set forth his reasons for the weight assigned to a treating physician's opinion.... The failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand.... The ALJ is not permitted to substitute his own expertise or view of the medical proof for the treating physician's opinion or for any competent medical opinion.

*Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (internal citations, quotations and alterations omitted). Since the ALJ failed to set forth comprehensive reasons for rejecting plaintiff's treating physicians' opinions here, the Court finds that the denial of benefits was not supported by substantial evidence.

The ALJ discounted Dr. Trounina's medical source statement because it contained a wrong date. Question 18 on the form asks, "[h]as your patient been limited as stated herein since at least November 2013?" Dr. Trounina checked "Yes." The form also asks in the same paragraph, "[i]f no, what was the earliest date that your patient has been limited stated herein," and Dr. Trounina wrote in "8/15/16." She signed the form on "7/14/16." As Plaintiff points out in his memorandum, this inception date of August 15, 2016, is obviously an error. In fact, Dr. Trounina's answer to the question in paragraph 18 indicates that Plaintiff's limitations have existed since November 2013; thus, she should not have answered the follow-up question at all. Obviously, she could not have presaged that Plaintiff would be limited starting on a certain date in the future. Since the Commissioner's rules require that the ALJ develop the Record, even, as here, where a plaintiff is represented by counsel, the AJL was under a duty to clarify the date discrepancy. *Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999).

The ALJ also discounts Dr. Trounina's medical source statement because it is on a check-off form. In an earlier Social Security appeal, this Court noted that,

> notwithstanding the lack of narrative on the check-box form, the ALJ was still required to consider the opinion. *See Dote-Lowery v. Colvin*, No. 6:14-cv-00570, 2015 U.S. Dist. LEXIS 133441, 2015 WL 5787016 (N.D.N.Y Oct. 1, 2015) ("It

> was incumbent upon the ALJ to fill any gap in the record in an attempt to determine the basis of Dr. Mulholland's opinion.").

*Merritt v. Comm'r of Soc. Sec.*, No. 15-CV-6633-CJS, 2016 WL 6246436, at *8 (W.D.N.Y. Oct. 26, 2016). However, Dr. Trounina's check-off form *was* accompanied by narrative explanations. Additionally, the Record contains one complete examination report from Dr. Trounina dated February 11, 2016, R. 785–90, one incomplete report from an examination on March 22, 2016, R. 791–93, another complete report dated April 22, 2016, R. 856–61, and a complete report from May 19, 2016, R. 862–66. Yet, the ALJ made no mention of those reports, did not analyze whether Dr. Trounina's examination results supported her medical source statement, and did not attempt to obtain the missing portions of the March 22, 2016, report. These errors require reversal and remand. Since remand is required, the Court need not address the other four arguments advanced by Plaintiff in support of his motion.

## CONCLUSION

Plaintiff's motion for judgment on the pleadings, ECF No. 11, is granted, and the Commissioner's cross-motion, ECF No. 15, is denied. This matter is remanded to the Commissioner pursuant to the fourth sentence of 42 U.S.C. § 405(g) for an expedited rehearing. The Clerk is directed to enter judgment and close this case.

IT IS SO ORDERED.

DATE: June 14, 2019
    Rochester, New York        /s/Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge